IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DAVID ALLEN CROSS, § | |
|     Plaintiff, § | |
| § | |
| V. § | C. A. NO. C-04-108 |
| § | |
| DOUGLAS DRETKE, ET AL. § | |
|     Defendants. § | |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate at the Texas Department of Criminal Justice - Correctional Institutions Division and is currently incarcerated at the Clements Unit in Amarillo, Texas. Proceeding *se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants at the McConnell Unit in Beeville, Texas, retaliated against him and were deliberately indifferent to his serious medical needs. All claims except for defendant's retaliation claim against defendant Brownell have been resolved (D.E. 77). Pending are plaintiff's motions for appointment of counsel (D.E. 81, 82).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library or other forms of legal assistance. Bounds, 97 S. Ct. 1491, 1498-99 (1977). There is, however, no

constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. The medical claims have been resolved, and Cross's remaining claim is not complex. Cross complains that defendant Brownell moved him from the first to the second floor in retaliation for Cross's filing of a lawsuit and grievances. Though the allegation is serious, it is not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case. Id. Plaintiff's pleadings reflect that he is reasonably intelligent and articulate. Plaintiff has been able to conduct discovery, file and respond to motions, and successfully argue before the Fifth Circuit Court of Appeals. Plaintiff is able to investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id. Plaintiff has demonstrated that he has adequate skills to

2

represent himself at trial.  He is familiar with his claim and has the skill to cross examine witnesses if necessary.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court notes that it has the authority to award attorneys' fees to a prevailing plaintiff under 42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.   Plaintiff's motions for appointment of counsel (D.E. 81, 82) are denied.

ORDERED this 14th day of September, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE